# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON MILLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:07-CV-1086 CAS |
| MARK ALBRIGHT, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint and motion to proceed in forma pauperis. The Court has reviewed the financial information provided by the plaintiff and finds that the motion should be granted. Pursuant to 28 U.S.C. § 1915(e), the Court is required to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons stated below, the Court finds that there are both frivolous and non-frivolous claims within the complaint. The Court will order the Clerk to issue process or cause process to issue on the non-frivolous portions of the complaint, and the Court will dismiss the frivolous portions of the complaint prior to service of process.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Mark Albright (Police Officer, St. Louis City), Patrick Cobb (same), Sean Reape (same), Joseph Hoenig (same), John Doe, the City of St. Louis, the City of St. Louis Police Department, the St. Louis Board of Police Commissioners, Christopher Goodson (Member, Board of Police Commissioners), Jo Ann Freeman (same), Julius Hunter (same), Vincent Bommarito

(same), and Francis Slay (in his capacity as Member, Board of Police Commissioners). Plaintiff seeks monetary relief.

Plaintiff alleges that on June 7, 2005, defendants Cobb and Albright entered his home without a warrant or probable cause, assaulted him, and arrested him under false pretenses. Plaintiff claims that Albright later testified in court that he had no reason to believe that plaintiff had committed a crime or that any emergency was taking place inside plaintiff's home. Plaintiff states that Albright further testified that he entered plaintiff's home because the door was open and that it was the policy of the St. Louis Police Department to enter homes if the front door is open. Plaintiff says that all of the charges brought against him have been discharged in his favor.

## Discussion

Plaintiff's claims against Cobb and Albright survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order the Clerk to issue process or cause process to issue as to these defendants.

Plaintiff's claim of unconstitutional policy against the City of St. Louis and the individual Board members survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order the Clerk to issue process or cause process to issue as to these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable

in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Reape, Hoenig, or Doe were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim against these defendants and they shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The St. Louis Board of Police Commissioners is not a suable entity." Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1988). As a result, the Board shall be dismissed as party defendant.

The St. Louis Police Department is not a suable entity because it is a subdivision of the City of St. Louis. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992). As a result, the Department shall be dismissed as party defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendants Albright, Cobb,[1] the City of St. Louis, Goodson, Freeman, Hunter, Bommarito, and Slay.[2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue as to defendants Reape, Hoenig, Doe, St. Louis Police Department, or St. Louis Board of Police Commissioners because, as to these defendants, the complaint fails to state a claim upon which relief can be granted.

---

[1] Defendants Albright and Cobb are alleged to be police officers for the City of St. Louis Police Department.

[2] Defendants Goodson, Freeman, Hunter, Bommarito, and Slay are alleged to be members of the St. Louis Board of Police Commissioners.

**IT IS FURTHER ORDERED** that, as to defendants Reape, Hoenig, Doe, St. Louis Police Department, and St. Louis Board of Police Commissioners, the complaint is **DISMISSED** without prejudice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of September, 2007.