UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLAYTON MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:07-CV-1086 CAS |
| MARK ALBRIGHT, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant City of St. Louis' motion to dismiss plaintiff's claims brought pursuant to 42 U.S.C. § 1983.[*] Plaintiff opposes the motion. For the following reasons, defendant's motion will be granted.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

---

[*]Although not filed as a motion for partial dismissal, the motion to dismiss only specifically addresses plaintiff's § 1983 claims. The motion does not address plaintiff's six state law claims, and therefore the Court issues no ruling with respect to those claims.

On a motion to dismiss, courts "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-66 (2007)." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (internal citation omitted). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale, 133 F.3d at 651). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff also brings state law causes of action for assault and battery, false arrest and false imprisonment, invasion of privacy, malicious prosecution, trespass, and conspiracy. Plaintiff alleges that on June 7, 2005, defendant police officers Patrick Cobb and Mark Albright entered his home without a warrant or probable cause, assaulted him, and arrested him under false pretenses. Plaintiff claims that Albright later testified in court that he had no reason to believe plaintiff had committed a crime or any emergency was taking place inside plaintiff's home. Plaintiff states Albright further testified that he entered plaintiff's home because the door was open and it was the policy of the St. Louis Police Department to enter homes if the front door is open. Plaintiff states all of the charges brought against him have been discharged in his favor.

The City of St. Louis moves to dismiss plaintiff's § 1983 claims on three grounds: (1) plaintiff cannot bring a § 1983 claim predicated on the theory of respondeat superior; (2) plaintiff has failed to state a claim for municipal liability; and (3) defendant police officers are not employees of the City. Plaintiff opposes the motion, citing Johnson v. Board of Police Commissioners, 370 F. Supp. 2d 892, 896-97 (E.D. Mo. 2005). In Johnson, the court held local governments may be sued directly under § 1983 where the alleged unconstitutional action involves a policy adopted or promulgated by that body. Plaintiff states the complaint alleges a claim of unconstitutional policy against the City of St. Louis sufficient to survive a motion to dismiss.

Section 1983 is a remedial statute, which "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Thus, to evaluate plaintiff's § 1983 claims, the Court must look to the complaint for a description of the constitutional rights alleged to be at issue. Under § 1983, local governmental entities may be sued directly where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Local governments may also be sued for constitutional violations arising out of governmental custom, even if such custom "has not received formal approval through the body's official decisionmaking channels." Id.; see also Johnson, 370 F. Supp. 2d at 896-97.

In Johnson, the complaint alleged the City of St. Louis and Police Board acted in concert pursuant to a "policy or persistent, common, and well-settled practice and custom of intimidating and driving homeless and homeless appearing people from downtown St. Louis," and further alleged

"there has existed within the Defendant City of St. Louis 'official policies or customs, practices and usages so pervasive that they constitute the policy of the City and the Department which have caused and will continue to cause the constitutional deprivations suffered by the plaintiffs.'" Johnson, 370 F. Supp. 2d at 902 (quoting Compl. at ¶¶ 3, 191). The Johnson plaintiffs alleged the misconduct was a result of a joint policy of both the City of St. Louis and the Police Board that was widespread, affecting many individuals and extending beyond mere police misconduct. Id. at 902 n.7. According to the Johnson complaint, the City was on notice of the misconduct and intentionally disregarded it, resulting in the constitutional violations. Id. at 907.

Plaintiff's case is in sharp contrast to Johnson. Plaintiff's only allegation concerning an unconstitutional policy is contained in paragraph 16 of the complaint, which states: "Indisputably, Officers Albright and Cobb were unlawfully inside of Plaintiff's Home. Officer Albright further testified that it was the policy of the St. Louis Police Department to enter homes if the front door is open." Compl. at ¶ 16. Plaintiff's sole allegation regarding this policy concerns the St. Louis Police Department, not the City of St. Louis. Plaintiff has not alleged that the misconduct was a result of any joint policy or custom of the St. Louis Police Department and the City of St. Louis. In fact, plaintiff has not alleged any action on behalf of the City of St. Louis with respect to this policy. Plaintiff does not allege the City of St. Louis adopted or promulgated the policy, nor does plaintiff allege the City of St. Louis had any knowledge of any such policy.

Plaintiff has not adequately alleged the elements of municipal liability under 42 U.S.C. §1983. The complaint does not plead enough facts to state a claim against the City of St. Louis for constitutional violations that is plausible on its face. The Court will grant the City of St. Louis' motion to dismiss plaintiff's § 1983 claims. Defendant has not specifically addressed in its motion

plaintiff's state law claims for assault and battery, false arrest and false imprisonment, invasion of privacy, malicious prosecution, and trespass, and therefore the Court issues no ruling with respect to these causes of action. See Compl. at ¶¶ 37-57.

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of St. Louis' Motion to Dismiss is **GRANTED**. [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiff's causes of action brought pursuant to 42 U.S.C. § 1983 against defendant City of St. Louis are **DISMISSED**.

An order of partial dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___19th___ day of February, 2008.