# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-1086 CAS |
| | ) | |
| MARK ALBRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for entry of clerk's default and for default judgment and defendants Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito's motion for leave to file their motion to dismiss and answer out of time. For the following reasons, defendants' motion will be granted and plaintiff's motions will be denied as moot.

On June 6, 2007, plaintiff filed this action against several defendants, including defendants Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito, alleging violations of plaintiff's civil rights and state law tort claims arising out of his arrest on June 7, 2005. Defendant Christopher Goodson was served with the summons on February 1, 2008; his answer was due February 21, 2008. Defendants Julius Hunter, Jo Ann Freeman, and Vincent Bommarito were served with the summons on February 6, 2008; their answers were due February 26, 2008. As of February 29, 2008, defendants had not responded to the complaint, and plaintiff filed the instant motion for clerk's entry of default and for default judgment.

On March 3, 2008, defendants' attorney, Michael Meyers, entered his appearance, opposed the motion for default judgment, and filed a motion for leave to file defendants' motion to dismiss and answer out of time. Defendants' counsel states that he was unaware defendants had been served until

plaintiff filed the executed returns of service late in the day February 27, 2008. Defendants' counsel was out of the office until February 29, 2008, and due to mistake and inadvertence did not timely answer or otherwise respond to the complaint. Defendants seek leave to file their motion to dismiss and answer out of time, and properly attach the motion and answer to the request for leave.

The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only where there is a clear record of delay or contumacious conduct. Taylor v. City of Ballwin, Missouri, 859 F.2d 1330, 1332 (8th Cir. 1988).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States of America on behalf of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). Defendant Christopher Goodson seeks leave to file his motion and answer eleven days out of time, and the remaining defendants seek leave to file their motion and answer six days out of time. In the absence of a clear record of delay on the part of defendants and in the absence of prejudice to plaintiff, the Court concludes defendants' motion for leave to file a motion to dismiss and answer out of time should be granted, and plaintiff's motions for entry of default and default judgment should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito's Motion for Leave to File Motion to Dismiss and Answer Out of Time is **GRANTED**. [Doc. 45]

**IT IS FURTHER ORDERED** that the Clerk of Court shall separately detach and docket defendants' motion to dismiss and answer, which were submitted as attachments to the motion for leave.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Clerk's Entry of Default is **DENIED as moot**. [Doc. 41]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Default Judgment is **DENIED as moot**. [Doc. 42]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of March, 2008.