UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-1086 CAS |
| | ) | |
| MARK ALBRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for filing an untrue application to proceed in forma pauperis. For the following reasons, the motion will be denied.

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff alleges that on June 7, 2005 at approximately 10:00 a.m., defendant police officers Patrick Cobb and Mark Albright responded to a call regarding a suspicious person at a school located near plaintiff's home. Finding no suspicious person, the police officers entered plaintiff's home without a warrant or probable cause, awoke him, assaulted him, and arrested him under false pretenses. Officer Albright later testified in court that he had no reason to believe plaintiff had committed a crime or any emergency was taking place inside plaintiff's home. Albright further testified that he entered plaintiff's home because the door was open and it was the policy of the St. Louis Police Department to enter homes if the front door is open. All of the charges brought against plaintiff have been discharged in his favor.

At the time of filing this suit, plaintiff filed a motion for leave to proceed in forma pauperis. In support of his application, plaintiff submitted an affidavit stating that he was unemployed, and had

received no income within the past twelve months from a business, profession, rental payments, or any other source. He listed as his only property an automobile worth approximately $500, and listed a $10,000 debt owed to his mother, Ida Miller. Based on this information, the Court granted plaintiff's motion to proceed in forma pauperis.

Defendants seek to have plaintiff's case dismissed with prejudice because they have since learned that plaintiff owns his residence, 1125 Central Avenue, located in St. Louis City, as a tenant in common with his deceased mother's estate.[*] In opposition to defendants' motion, plaintiff states that he did not intentionally omit his tenancy in common interest in the property, but that it "skipped [his] mind" because he does not consider the property as anything but a place to stay. He explains in his affidavit that while his name is on the deed and mortgage, his mother paid the down payment, all the mortgage payments, the insurance, taxes, and utilities for the past thirteen years. Since his mother's death, he states her estate has paid the mortgage payments, insurance, taxes, and utilities to protect its interest in the house. He states:

> I do know that I can't sell or separate my interest (whatever it might be) in the property without a lawsuit and or substantial costs, and that as it stands my interest (if any) is essentially unmarketable. If my interest could be sold, I would likely receive very little since, as I understand it, my co-tenant has a right to sit in my living room or use my kitchen or bath if they want, and I would be both homeless and unemployed.

---

[*]Apparently scrubbing state records, defendants have also discovered the following facts, all largely irrelevant to the present motion: (1) plaintiff's mother's estate was valued at $541,921.95; (2) plaintiff's mother's estate holds equity in various properties in the St. Louis area; (3) plaintiff's mother's estate included nearly $30,000 in checking and savings accounts; (4) plaintiff's mother left her estate to her former husband, Charles D'Cash Miller, plaintiff's father; (5) plaintiff's mother apparently established corporations to own and manage rental properties; (6) plaintiff's sister and father serve as officers in these corporations; (7) the corporations have filed suit against a tenants, signed leases, issued invoices for rent, and paid to have repairs made to rental property.

Affidavit of Clayton Miller ("Miller Aff.") at 2.

With respect to defendants' other allegations that plaintiff is somehow covering up assets in order to bring his suit without paying the applicable fees, and that this case should therefore be dismissed, plaintiff states:

> I am unemployed, have no cash, no car, no telephone, no savings account, no checking account, no credit cards and no available credit. I cannot borrow because I am unemployed. Though I had a car in June of 2007 I no longer own it and walk or bicycle instead. I live hand to mouth, and regularly miss meals because I can't afford groceries. I generally eat one meal a day consisting of soup, sometimes a hamburger or Ramen noodles. I have worn out my welcome with anybody who might loan me money.

Miller Aff. at 1.

Without a doubt, the Court could continue reciting the back-and-forth between the parties contained in the more than 39 pages of briefing (and hundreds of pages of exhibits) submitted on this issue. In fact, defendants have gone so far in support of their motion as to count the number of times plaintiff referred to his residence as "my house" during the state court suppression hearing. What is obvious even from a cursory review, however, is that plaintiff did not intentionally misstate his financial status. He has revised his financial affidavit to reflect that he owns an undivided interest as a tenant in common with his deceased mother's estate in his residence at 1125 Central Avenue. But although he owns some interest in his residence, this is largely irrelevant, because as plaintiff's counsel correctly stated, "the Court would not require the plaintiff to sell his essentially unmarketable tenancy in common interest in the house in which he resides for a pittance to some speculator to partition, leaving the plaintiff both unemployed and homeless in order to seek redress for being beaten inside the very same house by police officers." Pl. Opp'n at 4.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Plaintiff's Complaint for Filing an Untrue Application to Proceed In Forma Pauperis is **DENIED**. [Doc. 52]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_7th\_\_\_ day of April, 2008.