# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLAYTON MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07-CV-1086 CAS |
| MARK ALBRIGHT, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Mark Albright and Patrick Cobb's partial motion to dismiss for failure to state a claim and to strike. Plaintiff opposes the motion. For the following reasons, defendants' motion will be denied.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

On a motion to dismiss, courts "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and

plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-66 (2007)." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (internal citation omitted). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale, 133 F.3d at 651). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff also brings state law causes of action for assault and battery, false arrest and false imprisonment, invasion of privacy, malicious prosecution, trespass, and conspiracy. Plaintiff alleges that on June 7, 2005, defendant police officers Patrick Cobb and Mark Albright entered his home without a warrant or probable cause, assaulted him, and arrested him under false pretenses. Plaintiff claims that Albright later testified in court that he had no reason to believe plaintiff had committed a crime or any emergency was taking place inside plaintiff's home. Plaintiff states Albright further testified that he entered plaintiff's home because the door was open and it was the policy of the St. Louis Police Department to enter homes if the front door is open. Plaintiff states all of the charges brought against him have been discharged in his favor.

Defendants Albright and Cobb move to dismiss plaintiff's first, second, and fourth causes of action for failure to state a claim under § 1983 because these causes of action are based on violations of state law. Defendants state that an action under § 1983 will not lie for mere violations of state tort

law.  In the alternative, defendants move to strike these causes of action because they are redundant. Plaintiff opposes the motion, citing Buranen v. Hanna, 623 F. Supp. 2d 445, 447-449 (D. Minn. 1985).  Plaintiff states that his claims allege intentional deprivations of liberty interests, substantive constitutional rights, and violations of procedural due process.  Also, plaintiff states the existence of state law tort remedies has no bearing on these claims for substantive violations of the fourth amendment.

"Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States."  Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000).  To state a claim under 42 U.S.C. § 1983, plaintiffs must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  Thus, to evaluate plaintiff's § 1983 claims, the Court must look to the complaint for a description of the constitutional rights alleged to be at issue.

Plaintiff has sued defendants for violation of substantive constitutional rights as well as violations of procedural due process.  Plaintiff's complaint adequately describes the constitutional rights at issue.  In various places, the complaint states that by means of their unlawful entry into plaintiff's home, their assault and battery and detention of plaintiff, and the malicious charges they placed against him, defendants deprived plaintiff of his rights, privileges and immunities "as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States."  Compl. ¶¶ 1, 23, 24, 27.  There is no dispute that the alleged deprivations were committed by uniformed, on-duty police officers acting under color of state law.  See Monroe v. Pape, 365 U.S. 167, 186-87 (1961).  Plaintiff's complaint is somewhat unique in that he sets out the facts in one

section, and sets out each alleged deprivation as five separate § 1983 causes of action. This is followed by six state law causes of action. While perhaps not the model of clarity in pleadings, the complaint pleads "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. 1955, 1974.

Defendants' citation to Baker v. McCollan, 443 U.S. 137 (1979), does not alter the Court's conclusion that plaintiff's claims survive defendants' motion to dismiss. In Baker, the Supreme Court held that plaintiff did not satisfy § 1983's threshold requirement that he be deprived of a right secured by the Constitution. In that case, the plaintiff was arrested pursuant to a facially valid warrant, and the Court made no suggestion that the arrest was constitutionally deficient. The claim amounted to nothing more than that despite plaintiff's protests of mistaken identity, he was detained for three days in jail. As the Supreme Court stated, "whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution." Id. at 114. Here, plaintiff alleges defendants entered and searched his home without a warrant and without probable cause, beat him without a warrant and without probable cause, restrained and imprisoned him without a warrant and without probable cause, and prosecuted him on fabricated charges. Moreover, his complaint specifically cites to the substantive constitutional provisions that were allegedly violated. Unlike Baker, plaintiff has alleged substantive constitutional violations actionable under § 1983.

In the alternative to their motion to dismiss for failure to state a claim, defendants move to strike plaintiff's first, second, and fourth causes of action as redundant. As discussed above, plaintiff's style of pleading is somewhat unique in that he sets out the individual deprivations of constitutional rights as separate § 1983 causes of action. Motions to strike are disfavored, and

although the Court recognizes the awkwardness of plaintiff's pleading style it will not strike the causes of action as redundant.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Mark Albright and Patrick Cobb's partial motion to dismiss and to strike is **DENIED**. [Doc. 26]

                                          /s/ Charles A. Shaw
                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of April, 2008.