UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAYTON MILLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07-CV-1086 CAS |
| MARK ALBRIGHT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant City of St. Louis's motion to dismiss plaintiff's state law claims.[1] Plaintiff opposes the motion. For the following reasons, defendant's motion will be granted.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

---

[1]Although not titled as such, the motion is a partial motion to dismiss. The Court previously dismissed plaintiff's claims against the City brought pursuant to 42 U.S.C. § 1983. See Doc. 31.

**Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights, and also brings state law causes of action for assault and battery, false arrest and false imprisonment, invasion of privacy, malicious prosecution, trespass, and conspiracy. On February 19, 2008, the Court granted the City of St. Louis's first motion to dismiss, dismissing plaintiff's § 1983 action against the City. See Doc. 31. The City of St. Louis's motion did not address plaintiff's six state law claims, and therefore the Court issued no ruling with respect to these claims. In the instant motion to dismiss, the City of St. Louis seeks to dismiss plaintiff's state law claims, asserting it is protected by the doctrine of sovereign immunity under Mo. Rev. Stat. § 537.600. Plaintiff opposes the motion on procedural grounds, stating that because this defense was available to the City when it filed its first motion to dismiss, the City has waived the defense and cannot present the defense in a second motion to dismiss.

Plaintiff has not argued against the merits of the motion to dismiss, only that the City waived its sovereign immunity argument by not raising it in its prior motion. Defendant's first motion to dismiss, however, was a partial motion to dismiss, addressing only plaintiff's claims pursuant to 42 U.S.C. § 1983. Defendant did not file a motion to dismiss with respect to plaintiff's state law claims. Nor did it file an answer as to these claims. Contrary to plaintiff's assertion that the City has waived its sovereign immunity defense with respect to plaintiff's state law claims, the City is actually in default with respect to these claims. The City filed the present (partial) motion to dismiss out of time and without seeking leave. In the interest of efficiency, on its own motion the Court will grant defendant City of St. Louis leave to file its motion to dismiss plaintiff's state law claims out of time. Having resolved these procedural obstacles, the Court turns to the substance of the motion.

In Missouri, the doctrine of sovereign immunity generally protects public entities from liability for negligent acts. Mo. Rev. Stat. § 537.600; State ex rel. Cass Med. Ctr. v. Mason, 796 S.W.2d 621, 22 (Mo. 1990). Section 537.600.1 waives this immunity for injuries resulting from negligent acts or omissions by public employees operating motor vehicles, and for injuries resulting from the dangerous condition of a public entity's property. Under Mo. Rev. Stat. § 537.610, when a public entity purchases liability insurance for tort claims, "sovereign immunity is waived to the extent of and for the specific purposes of the insurance purchased." State ex rel. Bd. of Trustees of City of N. Kansas City Mem'l. Hosp. v. Russell, 843 S.W.2d 353, 360 (Mo. 1992).

The City of St. Louis is correct that it is entitled to sovereign immunity on plaintiff's state law tort claims. Plaintiff's claims against the City are based on the negligent or wrongful performance of a governmental function, and are claims to which the doctrine of sovereign immunity applies. Neither the automobile nor the property exceptions of § 537.600 apply to the factual situation of this case, and there is no assertion that the City has purchased liability insurance that would cover the claims asserted.

The fact that plaintiff has alleged several intentional torts does not change this analysis. Numerous decisions have held that intentional torts are included in the protection of sovereign immunity. See, e.g., Mitchell v. Village of Edmundson, 891 S.W.2d 848, 850 (Mo. Ct. App. 1995) (conversion claim; court stated, "Intentional torts have consistently been found to fall within the shield of sovereign immunity"); Duncan v. Creve Coeur Fire Protection Dist., 802 S.W.2d 205, 207 (Mo. Ct. App. 1991) (applying sovereign immunity to intentional infliction of emotional distress claim); Carmelo v. Miller, 569 S.W.2d 365, 367-68 (Mo. Ct. App. 1978) (sovereign immunity applied to a claim for assault and battery and false imprisonment by police officer); see also McBride v.

Clark, 2006 WL 581139, *24 (W.D. Mo. Mar. 8, 2006) (battery claim by police officer; court stated that under Missouri law, "Intentional torts have consistently been found to fall within the shield of sovereign immunity;" quoting Mitchell, 891 S.W.2d at 850).

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of St. Louis's motion to dismiss plaintiff's state law claims is **GRANTED**. [Doc. 33]

An order of dismissal will accompany this memorandum and order.

                    **CHARLES A. SHAW**
                    **UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of April, 2008.