# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLAYTON MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1086 CAS |
| ) | |
| MARK ALBRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito's motion to dismiss for failure to state a claim. Plaintiff opposes the motion. For the following reasons, defendants' motion will be granted in part and denied in part.

### I. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

On a motion to dismiss, courts "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and

plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-66 (2007)." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (internal citation omitted). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**II.    Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff also brings state law causes of action for assault and battery, false arrest and false imprisonment, invasion of privacy, malicious prosecution, trespass, and conspiracy. Plaintiff alleges that on June 7, 2005, defendant police officers Patrick Cobb and Mark Albright entered his home without a warrant or probable cause, assaulted him, and arrested him under false pretenses. Plaintiff claims that Albright later testified in court that he had no reason to believe plaintiff had committed a crime or any emergency was taking place inside plaintiff's home. Plaintiff states Albright further testified that he entered plaintiff's home because the door was open and it was the policy of the St. Louis Police Department to enter homes if the front door is open. Plaintiff states all of the charges brought against him have been discharged in his favor.

Defendants Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito ("defendants"), members of the St. Louis Board of Police Commissioners, move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the claims are barred by the

Eleventh Amendment to the United States Constitution. Additionally, defendants move to dismiss the complaint because plaintiff fails to allege that the violations of his constitutional rights arise from a policy, practice or custom of the St. Louis Board of Police Commissioners. To the extent plaintiff seeks damages against these defendants in their personal capacities, defendants move for dismissal because plaintiff has not stated defendants' personal involvement in the alleged deprivations. Finally, defendants move to dismiss plaintiff's first, second, and fourth causes of action because they predicate § 1983 liability on violations of state law.

      A.      <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States by Citizens of another State." U.S. Const. amend. XI. The Eleventh Amendment bars suits against non-consenting states by their own citizens, citizens of another states, citizens of foreign states, or foreign nations. <u>See</u> U.S. Const. amend. XI; <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 97-98 (1984) ("<u>Pennhurst II</u>"). The Eleventh Amendment prohibits suits where the action is in fact against the state as the real party in interest. <u>Ford Motor Co.</u>, 323 U.S. at 464. A state is the real party in interest if "the decision rendered would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the State to act or refrain from acting." <u>Pennhurst II</u>, 465 U.S. at 101.

Sovereign immunity extends to states and "arms" of the state. <u>Alden v. Maine</u>, 527 U.S. 706, 756 (1999); <u>Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon</u>, 210 F.3d 814, 819 (8th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 958 (2000). Whether an entity constitutes an "arm" of the state turns on its relationship to the state under state law. <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 430-31

and n.5 (1997). Defendants argue that plaintiff's claims are barred by the Eleventh Amendment because the St. Louis Board of Police Commissioners is an arm of the state.

In <u>Auer v. Robbins</u>, 519 U.S. 452 (1997), the Supreme Court flatly rejected the St. Louis Board of Police Commissioners' assertion of Eleventh Amendment immunity. The Supreme Court relegated its discussion of the issue to a footnote, stating:

> The [St. Louis] Board of Police Commissioners . . . does not share the immunity of the State of Missouri. While the Governor appoints four of the board's five members, Mo. Rev. Stat. § 84.030 (1994), the city of St. Louis is responsible for the board's financial liabilities, § 84.210, and the board is not subject to the State's direction or control in any other respect. It is therefore not an "arm of the State" for Eleventh Amendment purposes.

<u>Auer</u>, 519 U.S. at 456 n.1. This holding was cited with approval in <u>Gorman v. Easley</u>, 257 F.3d 738, 743 (8th Cir. 2001) (holding that Kansas City police board is not entitled to Eleventh Amendment immunity).

Based on the holdings of <u>Auer</u> and <u>Gorman</u>, it is beyond dispute that the Board and individual officers sued in their official capacities are not "state officials" within the meaning of the Eleventh Amendment, although they may be state officials for other purposes. This holding in <u>Auer</u> was affirmed, with some reservations about the changing state of Missouri law in <u>Thomas v. St. Louis Bd. of Police Comm'rs</u>, 447 F.3d 1082, 1084 (8th Cir. 2006) (citing <u>Smith v. State</u>, 152 S.W.3d 275, 278-79 (Mo. 2005) (finding the Board an "agency of the state" within the meaning of the statute entitling officers of state agencies to coverage under State Legal Expense Fund)). <u>See also</u> <u>Moore v. Weber</u>, 2007 WL 4565027, *1 (E.D. Mo. Dec. 20, 2007). Despite recent developments that may have eroded the Eleventh Amendment analysis in <u>Auer</u>, the <u>Auer</u> and <u>Thomas</u> decisions control the Court's decision in this case. The Court concludes that the St. Louis Board of Police Commissioners

is not protected by Eleventh Amendment immunity. This aspect of defendants' motion should therefore be denied.[1]

      B.    <u>Plaintiff's Claims Against Defendants in Their Official Capacities</u>

Defendants argue the complaint should be dismissed because plaintiff fails to state a claim against defendants in their official capacity. Defendants state that plaintiff's complaint fails to allege any official policy or custom of the Board of Police Commissioners that was violated, and therefore his official capacity claims must be dismissed.

As discussed in the Court's order of September 3, 2007, <u>see</u> Doc. 3, the Board itself is not a suable entity, and may be sued only by bringing an action against the individual members of the Board in their official capacity. This proposition is well established under Missouri law. <u>See</u> <u>Edwards v. Baer</u>, 863 F.2d 606, 607 (8th Cir. 1988). Moreover, this Court has held previously that the Board of Police Commissioners of the City of St. Louis is charged with the duty to "appoint, enroll and employ a permanent police force." Mo. Rev. Stat. § 84.100; <u>Crigler v. City of St. Louis</u>, 767 F. Supp. 197 (E.D. Mo. 1991). In <u>Otten v. Schicker</u>, 492 F. Supp. 455, 456 & n.2, the Court stated:

> Pursuant to Missouri law, the Board [of Police Commissioners of the City of St. Louis] is responsible for formulating policies and regulations for the operation of the Police Department. Though the defendant City must fund the Police Department, the Board, an independent administrative agency, has control over it. . . . It is apparent from the applicable statutes that the St. Louis Police Department is under the direction and control of the Board . . . <u>See</u> 84.010 R.S.Mo. (1969).

---

[1] Likewise, the Court denies defendants' motion to dismiss plaintiff's state law claims under the doctrine of sovereign immunity. This Court has previously ruled that § 537.600 R.S.Mo. merely codifies the concept of the State of Missouri's sovereign immunity pursuant to the Eleventh Amendment. <u>See</u> <u>Smith v. Copeland</u>, 892 F. Supp. 1218, 1224-25 (E.D. Mo. 1995). The United States Supreme Court and Eighth Circuit have held that the Board of Police Commissioners is not protected by Eleventh Amendment immunity. <u>See</u> Part II.A, <u>supra</u>.

Id. at 456 & n.2; aff'd, 655 F.2d 142 (8th Cir. 1981).

Contrary to defendants' assertions, plaintiff has alleged violations of his constitutional rights that were caused by an official policy or custom. See Compl. at ¶ 16. Although plaintiff states it was the policy of the St. Louis Police Department, and does not specifically state that this policy was promulgated by the Board of Police Commissioners, as this Court has stated, "[i]t is apparent . . . that the St. Louis Police Department is under the direction and control of the Board." Id. Based on these authorities, the Court concludes that plaintiff's allegations regarding his deprivation of rights based on a policy of the St. Louis Police Department are sufficient to survive defendants' motion to dismiss.

### C. Plaintiff's Personal Capacity Claims

Next, defendants argue plaintiff's claims brought against them in their personal capacities should be dismissed because plaintiff does not allege any specific facts or personal involvement in, or direct responsibility for, a deprivation of his constitutional rights. Plaintiff essentially concedes this point, stating that he should be entitled to discovery to determine if these defendants had personal involvement in the alleged deprivations.

"Suits against officials in their individual capacity 'seek to impose personal liability upon a government official for actions he takes under color of state law.' Kentucky v. Graham, 473 U.S. 159, 165 (1985). To establish personal liability in a § 1983 action, the plaintiff must show that the official, acting under color of state law, caused the deprivation of a federal right. Though personal participation is not required for liability to attach, there is no concept of 'supervisory strict liability' in § 1983 actions." Clay v. Conlee, 815 F.2d 1164, 1169 (8th Cir. 1987). Plaintiffs' complaint does not allege any facts related to the personal involvement of defendants in the alleged deprivations of his rights. In fact, these defendants are not mentioned by name anywhere in the pleading. At most,

the complaint alleges that his rights were violated based on a policy of the St. Louis Police Department. The Court concludes that plaintiff could not prove any set of facts entitling him to relief from the defendants in their personal capacities, and defendants' motion to dismiss plaintiff's personal capacity claims should therefore be granted.

        D.      <u>Plaintiff's First, Second, and Fourth Causes of Action</u>

Finally, defendants argue that plaintiff's first, second, and fourth causes of action should be dismissed for failure to state a claim because they predicate § 1983 liability on violations of state law. This argument is identical to an argument made by defendants Mark Albright and Patrick Cobb in their motion to dismiss. In a Memorandum and Order dated April 23, 2008, the Court denied defendants Albright and Cobb's motion to dismiss on these grounds, finding that the complaint pleaded enough facts to state a claim to relief that is plausible on its face. <u>See</u> Doc. 64 at 2-5. Because the Court has already ruled on this matter, it will not repeat its analysis here, but instead will refer defendants to the discussion contained in Doc. 64. The Court will deny defendants' motion to dismiss on this ground.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito's motion to dismiss is **GRANTED** in part and **DENIED** in part. [Doc. 48].

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito in their personal capacities are **DISMISSED**.

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   27th   day of May, 2008.