UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAYTON MILLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07-CV-1086 CAS |
| MARK ALBRIGHT, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Francis Slay, Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito's motion for judgment on the pleadings. Plaintiff opposes the motion. For the following reasons, defendants' motion will be granted in part and denied in part.

**I.    Legal Standard**

Federal Rule of Civil Procedure 12(c) requires a court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor." Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Id. (internal punctuation and citation omitted).

**II.    Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff also brings state law causes of action for assault and battery, false arrest and false

imprisonment, invasion of privacy, malicious prosecution, trespass, and conspiracy. Plaintiff alleges that on June 7, 2005, defendant police officers Patrick Cobb and Mark Albright entered his home without a warrant or probable cause, assaulted him, and arrested him under false pretenses.

Defendants Francis Slay, Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito ("defendants"), members of the St. Louis Board of Police Commissioners, move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the following three grounds: (1) plaintiff cannot state a claim against defendant Francis Slay in his personal capacity; (2) plaintiff's federal and state claims against the board members are barred by the Eleventh Amendment; and (3) plaintiff's state claims against the board are barred by sovereign immunity.

*Plaintiff's Claims Against Defendant Slay in His Personal Capacity*

The Court has previously dismissed the claims against defendants Goodson, Freeman, Hunter, and Bommarito in their personal capacities. For reasons unknown to the Court, defendant Francis Slay did not join in that motion, and therefore the claims against him in his personal capacity have survived. Plaintiff apparently concedes this argument, referring the Court to its order dismissing plaintiff's personal capacity claims against defendants Goodson, Freeman, Hunter, and Bommarito. For the reasons stated in the Court's order dated May 27, 2008 (see Doc. 68), the Court concludes that plaintiff could not prove any set of facts entitling him to relief from defendant Slay in his personal capacity, and defendants' motion to dismiss plaintiff's personal capacity claims against defendant Slay should therefore be granted.

*Eleventh Amendment and Sovereign Immunity*

The Court has previously ruled on these issues, concluding that the St. Louis Board of Police Commissioners is not protected by the Eleventh Amendment immunity. Because the Court has

already ruled on this matter, it will not repeat its analysis here, but instead will refer defendants to the discussion contained in Doc. 68.[1] The Court will deny defendants' motion for judgment on the pleadings on these grounds.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Francis Slay, Christopher Goodson, Jo Ann Freeman, Julius Hunter, and Vincent Bommarito's motion for judgment on the pleadings is **GRANTED** in part and **DENIED** in part. [Doc. 117]

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendant Francis Slay in his personal capacity are **DISMISSED**.

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this __27th__ day of July, 2009.

---

[1] Defendants argue the Court's analysis and reliance upon the opinion in Smith v. Copeland, 892 F. Supp. 1218, 1224-25 (E.D. Mo. 1995), is flawed. The case cited by defendants in support of their argument, Alden v. Maine, 527 U.S. 706, 756 (1999), does not change the Court's analysis of the issue.