UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAYTON MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1086 CAS |
| ) | |
| MARK ALBRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Clayton Miller's post-trial motions, filed in the alternative: (1) plaintiff's renewed motion for judgment as a matter of law; (2) plaintiff's motion for new trial; and (3) plaintiff's motion to amend the judgment to award nominal damages. Defendants oppose the motions, and the motions are fully briefed. For the following reasons, the Court will deny plaintiff's post-trial motions.

**I.    Background**

Plaintiff Clayton Miller brought this action pursuant to 42 U.S.C. § 1983 and state law seeking monetary relief for the alleged violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff alleged that defendant Police Officers Mark Albright and Patrick Cobb unlawfully entered his house, assaulted him, and arrested him on false pretenses in connection with a suspicious person investigation.

The parties went to trial on plaintiff's claims of unlawful entry, unlawful arrest, excessive force, and malicious prosecution. The jury returned a verdict for plaintiff on his claim of unlawful entry, but found his damages to be "none." The jury returned a verdict for defendants on all remaining counts.

## II. Discussion

### A. Plaintiff's Motion for Judgment as a Matter of Law

Plaintiff moves for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) on the grounds that no reasonable jury could have believed Officers Albright and Cobb's "obviously perjured" testimony concerning plaintiff's injuries, and therefore plaintiff should have prevailed as a matter of law. As discussed more fully below, plaintiff's argument ignores large portions of Officer Albright's testimony, which although inconsistent with the police report, do not contradict "indisputable physical facts and the law of nature" as plaintiff asserts.

"The law places a high standard on overturning a jury verdict." Hathaway v. Runyon, 132 F.3d 1214, 1220 (8th Cir. 1997). In ruling on a motion for judgment as a matter of law, the district court must review all of the evidence in the record, but in so doing, must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Ryther v. KARE 11, 108 F.3d 832, 844 (8th Cir.) (en banc), cert. denied, 117 S.Ct. 2510 (1997). Judgment as a matter of law is proper only when the evidence is such that, without weighing the credibility of witnesses, there is a complete absence of probative facts to support the verdict so that no reasonable juror could have found for the nonmoving party. Bailey v. Runyon, 167 F.3d 466, 468 (8th Cir. 1999); Ryther, 108 F.3d at 845.

As a threshold issue, plaintiff failed to articulate with any specificity the grounds for his pre-verdict motion for judgment as a matter of law. Therefore, judgment as a matter of law "may neither be granted by the district court not upheld on appeal unless such a result is 'required to prevent manifest injustice.'" Hyundai Motor Fin. Co. v. McKay Motors I, LLC, 574 F.3d 637, 640 (8th Cir.

2009) (quoting Conseco Fin. Servicing Corp. v. North Am. Mortgage Co., 381 F.3d 811, 821 (8th Cir. 2004)). A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion. "Adherence to the rule is mandatory." Conseco, 381 F.3d at 821. Plaintiff's pre-verdict motion for judgment as a matter of law was made orally and did not specify any grounds. Therefore, the standard of review of the renewed post-trial motion for judgment of a matter of law is whether judgment as a matter of law is required to prevent manifest injustice. Plaintiff has not argued any manifest injustice, and the Court finds none.

Moreover, without weighing the credibility of the witnesses and drawing all reasonable inferences in favor of defendants, probative facts support the verdict. Plaintiff states the photographic evidence taken after the event show injuries to plaintiff's right side, both to the right side of his face and to his right leg. Plaintiff testified that he was lying on the ground when he was struck by Officer Albright. The officers testified, however, that plaintiff and Officer Albright were standing and facing each other during the interaction. Plaintiff argues that the officers' version of events could not be true because Officer Albright is right-handed and could not have caused the injuries to plaintiff's right side if they were, in fact, standing and facing each other. Officer Albright testified, however, that plaintiff had pre-existing injuries to the right side of his face and to his arm, and that these injuries to his right side were not caused by the officers. Officer Albright testified that he hit plaintiff on the left side of his face and that he deployed his baton to plaintiff's right leg while plaintiff was standing facing toward the side of Officer Albright. This testimony is not inconsistent with the photographic evidence and does not "contradict indisputable physical facts and the laws of nature," as plaintiff suggests. A reasonable jury could believe that Officer Albright used lawful force in effecting the arrest.

Having considered plaintiff's arguments in accordance with the foregoing standard, the Court finds his motion for judgment as a matter of law is without merit and should be denied.

B.      **Alternative Motion for New Trial**

Plaintiff moves in the alternative for a new trial, repeating the argument asserted in his motion for judgment as a matter of law that defendant Officers Albright and Cobb perjured themselves on the stand. Plaintiff argues that once this testimony has been stricken, or "take[n] away from the jury," the verdict is against the weight of the evidence and a miscarriage of justice.

It is almost entirely within the discretion of the trial court whether to grant a new trial. See Fed. R. Civ. P. 59(a); Citizens Bank of Batesville, Ark. v. Ford Motor Co., 16 F.3d 965, 967 (8th Cir. 1994). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or other legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). A motion for a new trial should be granted when the verdict is against the weight of the evidence and would result in a miscarriage of justice. Butler v. French, 83 F.3d 942, 944 (8th Cir. 1996); Shaffer v. Wilkes, 65 F.3d 115, 117 (8th Cir. 1995); Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 800 (8th Cir. 1994). In reviewing a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence, the Court is free to weigh the evidence for itself. White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992).

Applying the foregoing standard, the Court concludes that plaintiff's alternative motion for new trial is without merit and should be denied. Plaintiff makes much of the fact that the photographic evidence shows plaintiff's injuries were to his right side and Officer Albright is right-handed. According to plaintiff, if the two were standing facing each other when the injuries occurred, as defendants testified, the injuries could not have been to plaintiff's right side. Again,

plaintiff ignores defendant's testimony that he hit plaintiff on the left side of the face, not the right, and that the injuries to plaintiff's right side were pre-existing. While Officer Albright's testimony might contradict the police report, it does not contradict indisputable physical facts and the laws of nature as plaintiff argues. The contradictions in Officer Albright's testimony are fodder for cross-examination; they do not establish that the verdict is against the weight of the evidence.

For the foregoing reasons, the Court does not find the verdict against the weight of the evidence and plaintiff's alternative motion for new trial should be denied.

C.      **Alternative Motion to Amend the Judgment to Award Nominal Damages**

Finally, plaintiff moves to amend the judgment to award nominal damages to plaintiff on his claim of unlawful entry. Plaintiff claims he is entitled to nominal damages, that the jury was not instructed on nominal damages, and that the judgment should be amended to include such damages. Plaintiff did not seek a nominal damages instruction, or object to the failure to give a nominal damages instruction, until after the jury returned its verdict.

The Court agrees that the law would entitle plaintiff to nominal damages. Nominal damages are the appropriate means "to vindicate constitutional rights whose deprivation has not caused an actual, provable injury." Westcott v. Crinklaw, 133 F.3d 658, 662 (8th Cir. 1998). The Supreme Court has ruled that trial courts must award nominal damages when a plaintiff establishes a violation of the right to procedural due process or the violation of a First Amendment right but is unable to prove actual injury. See Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Farrar v. Hobby, 506 U.S. 103, 112 (1992). Although neither the Supreme Court or the Eighth Circuit has addressed specifically whether a plaintiff is entitled to nominal damages for a violation of his Fourth Amendment right to be free of unlawful entry, the Court will assume such a violation would entitle

plaintiff to nominal damages. Finding plaintiff would be entitled to nominal damages under the law, however, does not end the inquiry. The questions in this case are more pointed: (1) whether the entitlement to nominal damages is automatic, or whether counsel must timely request nominal damages; and (2) what constitutes a timely request.

The Eighth Circuit cases <u>Warren v. Fanning</u>, 950 F.2d 1370 (8th Cir.1991), and <u>Risdal v. Halford</u>, 209 F.3d 1071 (8th Cir. 2000), are instructive. In <u>Warren</u>, plaintiff, a state prisoner, brought an action under 42 U.S.C. § 1983, alleging that his Eighth Amendment right to be free of cruel and unusual punishment had been violated. A jury found defendant guilty, but did not award plaintiff compensatory or nominal damages. The jury instruction stated: "If you . . . do not find that the plaintiff has sustained substantial (actual) damages, then you *may* return a verdict for plaintiff in some nominal sum such as one dollar (on account of actual damages)." <u>Warren</u>, 950 F.2d at 1374 (emphasis added). This jury instruction was offered by plaintiff and read to the jury without objection.

After the jury declined to award nominal damages, plaintiff filed a motion to alter or amend the judgment, claiming he was entitled to nominal damages, that the jury was not so instructed (<u>i.e.</u>, the jury was instructed it "may" award such damages), and that the judgment should be amended to include nominal damages. The trial court denied the motion, and the Eighth Circuit affirmed. The Eighth Circuit found that plaintiff did not object to, and actually proffered, the jury instruction on nominal damages. It reviewed the instruction for plain error, and found the effect of the incorrect instruction was only that it left the jury with discretion to decline nominal damages. The Court found no plain error and no miscarriage of justice.

In Risdal, plaintiff sued under 42 U.S.C. § 1983 asserting a violation of his First Amendment rights. Risdal, 209 F.3d 1071. Defendants submitted the Eighth Circuit Civil Model Jury Instruction, which provided that "[i]f you find in favor of plaintiff . . . but find that plaintiff's damages have no monetary value, then you *must* return a verdict for plaintiff in the nominal amount of One Dollar." Id. at 1071 (emphasis added). The trial court rejected this instruction and *sua sponte* submitted its own, which provided only that the jury *may* award nominal damages if it found in favor of plaintiff. Id. at 1071-72. Plaintiff did not object to the revised instruction, and the Eighth Circuit reviewed the instruction for plain error. The Eighth Circuit reversed, and held that the trial court must award nominal damages when a plaintiff establishes a First Amendment violation. The Court distinguished the Warren case, stating that the plaintiff in Warren not only failed to object to the erroneous instruction on nominal damages, but plaintiff was the party that proffered the instruction. By contrast, in Risdal, the trial court was presented with the correct instruction but consciously rejected it and substituted an incorrect version. This "unsolicited error" caused it to enter judgment for the defendants, preventing plaintiff Risdal from vindicating his First Amendment rights, which the Court found to be plain error that affected plaintiff's substantive rights.

Turning to our case, the jury found for plaintiff on his claim of unlawful entry, but assessed damages on this count as "none." This was allowable on the verdict form, which instructed the jury to "write the amount [of damages] or, if none, write the word 'none.'" Plaintiff's counsel did not ask for a nominal damages instruction during the instruction conference with the Court, nor did he object to the damage instruction given. In fact, like the plaintiff in Warren, plaintiff's proffered jury instruction on damages was adopted by the Court and submitted nearly verbatim to the jury. Compare Doc. 211, Instr. No. 13 with Doc. 181 at 30. Also, plaintiff did not object to the verdict

form, which gave express instructions to the jury to write the word "none" if the jury found no damages. In fact, again similar to plaintiff in Warren, the verdict form was adopted from the verdict form submitted by plaintiff before trial, which expressly allowed the jury to find damages of "none." Compare Doc. 213 with Doc. 181 at 33. Plaintiff's counsel did not seek a nominal damages instruction until after the jury had returned with the verdict and after the verdict had been read.

The error plaintiff claims is that the Court failed to give the jury a nominal damages instruction. Federal Rule of Civil Procedure 51 provides that "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). As to the timeliness of an objection, the Rule states, "[a]n objection is timely if a party objects [before the instructions and arguments are delivered to the jury]." Fed. R. Civ. P. 51(c)(2)(A) (incorporating Rule 51(b)(2)). The purpose of the rule is to give the trial court an "opportunity 'to consider and correct any errors before the jury begins its deliberations.'" Risdal 209 F.3d at 1072 (quoting Ellis v. City of Chicago, 667 F.2d 606, 610 (7th Cir. 1981)).

Plaintiff argues that he objected timely to the failure to instruct on nominal damages because he objected after the jury deliberated and returned a verdict, but before the jury was discharged. Specifically, after the jury verdict was read, plaintiff's counsel approached the bench and asked the Court to "direct the jury to go back and deliberate and consider award[ing] nominal damages," which the Court denied. For support of his argument, plaintiff cites Azimi v. Jordan's Meats, Inc., 456 F.3d 228, 240 (1st Cir. 2006), in which the First Circuit stated the rule in that circuit that a plaintiff can choose not to give the jury the nominal damages instruction, but may preserve the request by timely asking the judge for nominal damages immediately after the return of the verdict.

-8-

See also Campos-Orrego v. Rivera, 175 F.3d 89 (1st Cir. 1999) (stating nominal damages must be requested by plaintiff, and allowing the request to be made to the judge after the verdict is read).

The Eighth Circuit has not adopted the First Circuit's rule in Azimi; in fact, the Court has found no other circuit that has. See Sims v. Mulcahy, 902 F.2d 524, 534-35 (7th Cir. 1990) (finding plaintiff waived claim on appeal that jury was legally required to award nominal damages in a unlawful entry case because she failed to object under Rule 51); see also Oliver v. Falla, 258 F.3d 1277, 1281-82 (11th Cir. 2001) (finding plaintiff waived a request for nominal damages in Eighth Amendment excessive force case by opposing a nominal damages instruction and not objecting when the court failed to give a nominal damage instruction to the jury); Alexander v. Riga, 208 F.3d 419, 429 (3rd Cir. 2000) (holding plaintiffs waived right to nominal damages in action under Fair Housing Act); Salazaar v. Encinias, 242 F.3d 390 (10th Cir. 2000) (unpublished opinion) (holding in a § 1983 excessive force case that the district court erred in amending the judgment to award nominal damages because plaintiff waived any right to nominal damages); Cooper Distrib. Co., Inc. v. Amana Refrigeration, Inc., 63 F.3d 262, 283 (3d Cir. 1995) (finding plaintiff waived nominal damages in tortious interference case).

Allowing a plaintiff to wait until after the jury returns a verdict before instructing on nominal damages would afford plaintiff both the tactical advantage of not having the jury consider the option of nominal damages, and the protection of nominal damages (and "prevailing party" status) if the jury fails to award actual damages. This is contrary to the language and intent of Rule 51, which expressly requires a party to object to the failure to give an instruction on the record *before* the instructions are delivered to the jury so the court can consider and correct errors before deliberations. Plaintiff may well have decided for tactical reasons that he did not want the jury to consider the

option of nominal damages. If plaintiff had sought a nominal damages instruction, the jury might have given nominal damages at the expense of what plaintiff likely presumed would be more substantial compensatory damages. But whether plaintiff failed to request an instruction on nominal damages by choice or inadvertence, he should bear the consequences. Cooper Distrib. Co., Inc., 63 F.3d at 283. The Court finds it was incumbent upon plaintiff to make a timely request for nominal damages pursuant to Rule 51 before the instructions were given to the jury. Plaintiff's motion to amend the judgment is denied.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's alternative renewed motion for judgment as a matter of law, motion for new trial, and motion to amend the judgment to award nominal damages is **DENIED**. [Doc. 220]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of July, 2010.

---

[1] This is not a case of a correcting a mistake or an inconsistent verdict. To be inconsistent, a jury verdict must reach contradictory factual findings. See Lowry v. Watson Chapel Sch. Dist., 540 F.3d 752, 762 (8th Cir. 2008). Here, the jury verdict did not reach any contradictory factual findings. The jury found for plaintiff on his unlawful entry claim. Although plaintiff introduced evidence of injuries and medical expenses, these injuries and expenses do not follow from his unlawful entry claim. Rather, the alleged injuries were the result of the alleged unlawful force with which the defendants arrested plaintiff. The jury found in defendant Albright's favor with respect to the claims of unlawful force. Plaintiff presented no evidence of actual injuries arising out of his unlawful entry claim, and therefore his reliance on Westcott v. City of Omaha, 133 F.3d 658, 662 (8th Cir. 1998), is misplaced.